UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

ALEX VELEZ,
      Plaintiff,

      v.                           PRISONER
                               CASE NO. 3:12-cv-212(JBA)

CAPTAIN FALCONE, et al.,
      Defendants.

## INITIAL REVIEW ORDER

      The plaintiff, currently incarcerated at Bridgeport Correctional Center in Bridgeport, Connecticut, has filed a complaint *pro se* under 42 U.S.C. § 1983. The plaintiff sues Correctional Officers Langenheim, Hancock, Harper, Ostuno, Chicano, Garraffo, Machado and Deeb, K-9 Officer Cox, Captain Falcone and Lieutenant Reilly.

      Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*. This requirement applies both where the inmate has paid the filing fee and where he is proceeding *in forma pauperis*. *See Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed allegations are not required, "a complaint must

contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff alleges that on January 8, 2010, at Garner Correctional Institution, Officers Langenheim, Harper, Ostuno, Chicano, Garraffo and Machado used excessive force against him as they forcibly removed him from his cell.  The plaintiff claims that Officers Hancock and Deeb, Lieutenant Reilly, Captain Falcone and K-9 Officer Cox stood by and watched the use of excessive force, but took no action to intervene.  The plaintiff seeks monetary damages.

The court concludes that the allegations in the complaint state plausible claims of excessive force and failure to protect

against the defendants in their individual capacities. Accordingly, the case will proceed as to these claims and the state law claims of assault, battery and intentional infliction of emotional distress.

**ORDERS**

The court enters the following orders:

(1)  The federal and state law claims in the complaint shall proceed against the defendants in their individual capacities.

(2)  By 10/2/12, the Pro Se Prisoner Litigation Office shall ascertain from the Department of Correction Office of Legal Affairs the current work addresses for the defendants and mail waiver of service of process request packets to each defendant in his or her individual capacity at his or her current work address.  On the thirty-fifth (35th) day after mailing, the Pro Se Office shall report to the court on the status of all waiver requests.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)  The Pro Se Prisoner Litigation Office shall send a courtesy copy of the complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(4)  The Pro Se Prisoner Litigation Office shall send written notice to the plaintiff of the status of this action, along with a

copy of this Order.

(5) Defendants shall file their response to the complaint, either an answer or motion to dismiss, by 10/30/12.  If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed by 4/18/13.  Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed by 5/18/12.

(8) Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

SO ORDERED at New Haven, Connecticut this 18th day of September, 2012.

/s/ _____
JANET BOND ARTERTON
UNITED STATES DISTRICT JUDGE